IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID CZAPIEWSKI,

                                                                                         OPINION AND ORDER

                  Plaintiff,

                                                                                           15-cv-208-bbc

    v.

TODD RUSSELL, JOHN O'DONOVAN,
WILLIAM POLLARD and ANTHONY MELI,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff David Czapiewski, a prisoner at the Wisconsin Resource Center, is proceeding on claims under the First Amendment, Eighth Amendment and Fourteenth Amendment related to his allegations that prison officials at the Waupun Correctional Institution punished him for expressing suicidal thoughts and ignored his requests for psychological assistance, resulting in his acts of self-harm. Plaintiff now asks the court to assist him in recruiting counsel. Dkt. #13. In deciding such motions, the court considers whether plaintiff has made sufficient efforts on his own to find counsel and whether the complexity of the case exceeds plaintiff's ability to litigate it. Pruitt v. Mote, 503 F.3d 647, 661 (7th Cir. 2007); Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992).

      It is this court's general practice to require plaintiffs to show their efforts at recruiting counsel by filing with their motions letters from at least three lawyers who have declined to represent them. Plaintiff has supplemented his motion with copies of four such letters, dkt.

1

#21, so the next question is whether his case is so complex as to outweigh his ability to litigate it. Santiago v. Walls, 599 F.3d 749, 762 (7th Cir. 2010); Pruitt, 503 F.3d at 661. At this stage, I am not persuaded that litigating these claims is beyond the scope of plaintiff's abilities. To date, plaintiff's filings and his letters to the clerk of court have been articulate and thorough. Furthermore, his claims appear to be straightforward: he alleges that he was given conduct reports and disciplined for stating his suicidal feelings and that his need for psychological assistance for those same suicidal feelings was ignored.

Plaintiff says that he is unable to represent himself because he is seriously mentally ill and because he takes medication that may cause confusion and hallucinations. He cites a 2006 letter from a psychologist regarding his fitness to stand trial and drug information inserts from his prescribed medicines. However, the 2006 letter is too old to be informative of plaintiff's mental state now. Plaintiff also says that he was adjudicated incompetent to stand trial in April 2015, but the standard for whether a criminal defendant is competent to stand trial is different from the standard for whether plaintiff is capable of representing himself in a civil action. Especially because the court has no details as to why plaintiff was found incompetent, this evidence is not instructive of plaintiff's abilities to litigate this case. With respect to plaintiff's medicine, a possible side effect of one prescribed drug is confusion. However, plaintiff does not say whether he has ever suffered from this side effect and nothing in his filings shows evidence of such a problem.

Plaintiff says that he has received assistance from another inmate from the Waupun prison with his filings, but the quality of his filings has not diminished despite the fact that

he has been transferred from the Waupun prison to the Wisconsin Resource Center in between the filing of his complaint and now, suggesting that plaintiff is capable of preparing his filings on his own.  Dewitt v. Corizon, Inc., 760 F.3d 654, 658 (7th Cir. 2014) ("The analysis should be of the *plaintiff's* ability to litigate *his own* claims, and the 'fact that an inmate receives assistance from a fellow prisoner should not factor into the decision whether to recruit counsel.'") (emphasis in original) (quoting Henderson v. Ghosh, 755 F.3d 559, 565 (7th Cir. 2014)).

I am denying plaintiff's motion for assistance in recruiting counsel at this time.  From the information before me, I conclude that plaintiff is capable of proceeding with this case without the assistance of counsel at least through any motions for summary judgment on whether plaintiff exhausted his administrative remedies.  If the court denies defendants' motion on exhaustion or if defendants do not file such a motion by the deadline, plaintiff is free to renew his motion for assistance in recruiting counsel at that time.  If plaintiff chooses to renew his motion, he should be sure to include the court order on his competency from April 2015 and the psychiatric evaluation on which that order was based.

ORDER

IT IS ORDERED that plaintiff David Czapiewski's motion for assistance in recruiting

counsel, dkt. #13, supplemented at dkt. #21, is DENIED without prejudice.

Entered this 13th day of August, 2015.

                                        BY THE COURT:
                                        /s/

                                        _____
                                        BARBARA B. CRABB
                                        District Judge